IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:17-00152-01

CORY LEE CALLEN

### MEMORANDUM OPINION AND ORDER

In Bluefield, on September 28, 2020, came the defendant, Cory Lee Callen, in person and by counsel, William S. Winfrey, II; came the United States by Timothy D. Boggess, Assistant United States Attorney; and came United States Probation Officer Mark Ruscello, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on September 3, 2020.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.  Whereupon the defendant, by his counsel, denied the conduct charged in the petition.

The court heard evidence from the government, consisting of the testimony of Corporal Matthew Petty of the Charleston Police Department and Probation Officer Mark Ruscello.  Mr. Winfrey cross-examined these witnesses.  At the conclusion of the

government's evidence, the defendant moved to dismiss the petition, arguing that the only evidence connecting him to the alleged conduct in the petition was hearsay.  The court denied the motion.  The defendant then offered evidence, consisting of the testimony of Erica Ratliff (his alleged alibi) and his own testimony.  Mr. Boggess cross-examined these witnesses.

The court heard argument from counsel.  The court then found that the government has carried its burden of proving by a preponderance of the evidence that the defendant had committed the conduct charged in the petition.

Having heard arguments of counsel, the court found that the Guideline imprisonment range set forth at USSG 7B1.4 for the revocation of supervised release upon such grounds was 18 to 24 months.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of 24 months.

Neither party objected to the Guideline range and statutory penalty as determined by the court.  The court found that there was sufficient information before the court on which to sentence

the defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and he is to be incarcerated for a term of twenty-four (24) months. Upon release from imprisonment, the defendant will not be subject to any further supervision by the United States Probation Office.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant. The court further concluded that the sentence imposed will provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

The defendant was informed of his right to appeal the court's findings and the revocation of his supervised release.

The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days. The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him. The defendant was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 9th day of October, 2020.

ENTER:

David A. Faber
Senior United States District Judge